*RANDALL,* vs. *BAYON.*

APPEAL from the court of the second district.

Applications for new trial, are intrusted to the legal discretion of the court below.

PORTER, J., delivered the opinion of the court. The defendant moved for a new trial, on the ground, that during the pendency of the action he was confined on a charge of murder, and was only released the day before trial. The court refused the application, and he appealed.

We are unable to say the judge erred. Applications of this kind are always addressed to the sound legal discretion of the court below. The grounds assumed by the inferior tribu-

nal in refusing this ; that the verdict was well supported by the evidence, and that justice was done, is amply sustained by the nature of the claim, the proof adduced, and the suspicion which fairly attaches to a plea in reconvention for matters arising anterior to the date of the obligation sued on.  The statement in the defendant's affidavit, that the cause was tried *ex parte*, is contradicted by the record, which makes express mention, that on the trial, counsel appeared for the defendant, and was heard in his behalf.

As it is however *possible*, the defendant, under other circumstances, might have had the means of supporting his plea in reconvention, we shall reserve him his right to do so.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be anulled, avoided and reversed ; and it is further ordered and decreed, that the plaintiff do recover of the defendant, the sum of six hundred and forty four dollars, with interest from judicial demand, and costs in the court below.  Those of appeal to be borne by the plaintiff.  Reserving, however, to the

RANDALL
vs.
BAXON.

defendant, all his rights on the matters and things pleaded by him in reconvention.

*Conrad* for the plaintiff, *Morel* for the defendant.

